R DEC 02 2020 ffs

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 9617 39

CABELL HUNTINGTON HOSPITAL, INC.
PAUL ENGLISH SMITH
1340 HAL GREER BOULEVARD
HUNTINGTON, WV 25701

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

| | |
|---|---|
| **Control Number:** 267123 | **Agent:** PAUL ENGLISH SMITH |
| **Defendant:** CABELL HUNTINGTON HOSPITAL, INC. 1340 HAL GREER BOULEVARD HUNTINGTON, WV 25701 US | **County:** Cabell |
| | **Civil Action:** 20-C-389 |
| | **Certified Number:** 92148901125134100002961739 |
| | **Service Date:** 11/23/2020 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

**ANGELA S. CHAFFINS,**

        **Plaintiff,**

                                             Civil Action Number: 20-C- 389

**v.**                                          Judge:  /s/ GREGORY L. HOWARD, JR.

**CABELL HUNTINGTON HOSPITAL, INC.,**

        **Defendant.**

## SUMMONS

**TO:**    **Cabell Huntington Hospital, Inc.**
        **C/o Paul English Smith**
        **1340 Hal Greer Boulevard**
        **Huntington, West Virginia  25701**

ACCEPTED FOR SERVICE OF PROCESS
SECRETARY OF STATE
STATE OF WEST VIRGINIA
2020 NOV 23  P 4: 19

IN THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve

upon **D. Adrian Hoosier, II, Plaintiff's Attorney, whose address is 213 Hale Street, Suite 100,**

**Charleston, West Virginia 25301,** an Answer, including any related Counter Claim you may

have, to the Complaint filed against you in the above styled civil action, a true copy of which is

herewith delivered to you.  You are required to serve your Answer within thirty (30) days after

service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment

by default will be taken against you for the relief demanded in the Complaint and you will be

thereafter barred for asserting in another action any claim you may have which must be asserted

by counterclaim in the above- styled civil action.

                                       /s/ JEFFREY E. HOOD

Dated:     **NOV 2 0 2020**

                                     Circuit Clerk

**IN THE CIRCUIT COURT OF** _____ **CABELL** _____ **COUNTY, WEST VIRGINIA**

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**                                                Case No. 20-C- 784

**Plaintiff(s)**                                                  Judge: _____

Angela S. Chaffins

_____   **Plaintiff's Phone:** _____

_____

**vs.**

**Defendant(s)**                      **Days to**
                                      **Answer**      **Type of Service:**
Cabell Huntington Hospital, Inc.        30            Secretary of State
Name

1340 Hal Greer Boulevard              **Defendant's Phone:** _____
Street Address

Huntington, West Virginia  25701
City, State, Zip Code

*(FILED stamp: 2020 NOV 20 ... JE HOOD CIRCUIT CLERK CABELL CO WV ... 18)*

**II. TYPE OF CASE:**

| | |
|---|---|
| ☐ General Civil | ☐ Adoption |
| ☐ Mass Litigation *[As defined in T.C.R. 26.04(a)]* | ☐ Administrative Agency Appeal |
|   ☐ Asbestos | ☐ Civil Appeal from Magistrate Court |
|   ☐ FELA Asbestos | ☐ Miscellaneous Civil Petition |
|   ☐ Other: _____ | ☐ Mental Hygiene |
| ☐ Habeas Corpus/Other Extraordinary Writ | ☐ Guardianship |
| ☐ Other: _____ | ☐ Medical Malpractice |

**III. JURY DEMAND:** ☑ Yes ☐ No  CASE WILL BE READY FOR TRIAL BY (Month/Year):  12 / 2021

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

☐ Yes ☑ No

**IF YES, PLEASE SPECIFY:**

☐ Wheelchair accessible hearing room and other facilites
☐ Reader or other auxiliary aid for the visually impaired
☐ Interpreter or other auxiliary aid for the deaf and hard of hearing
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Foreign language interpreter-specify language: _____
☐ Other: _____

---

Attorney Name:  D. Adrian Hoosier, II

Firm: Hoosier Law Firm, PLLC

Address: 213 Hale Street, Suite 100, Charleston, West Virginia  25301

Telephone: 681-265-5000

**Representing:**

☑ Plaintiff          ☐ Defendant
☐ Cross-Defendant    ☐ Cross-Complainant
☐ 3rd-Party Plaintiff ☐ 3rd-Party Defendant

☐ **Proceeding Without an Attorney**

Original and  3  copies of complaint enclosed/attached.

Dated:  11 / 19 / 2020          Signature: _____

**SCA-C-100:  Civil Case Information Statement (Other than Domestic Relations)**          Revision Date: 4/2020



FILED

**IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA**

2020 NOV 20  *4 10: 13*

COPY

J. S. HOOD
CIRCUIT CLERK
CABELL CO. WV

**ANGELA S. CHAFFINS,**

   **Plaintiff,**

**v.**            **Civil Action Number: 20-C-** *389*
                 **Judge:**

**CABELL HUNTINGTON HOSPITAL, INC.,**

   **Defendant.**

---

## COMPLAINT

---

1.   Plaintiff Angela S. Chaffins (hereinafter "Plaintiff") brings this Complaint for violations of the W.Va. Human Rights Act, common law wrongful termination (actual), and violation of the Patient Safety Act stemming from her employment separation with Defendant Cabell Huntington Hospital, Inc. (hereinafter "Defendant" or "CHH")

2.   Each "Count" herein is intended to be plead as a separate and distinct "Count" from all other "Counts" whether or not "enumerated" as a separate count.

3.   Plaintiff is a resident of West Virginia.

4.   Defendant is a West Virginia Corporation with operations in Cabell County, West Virginia and has its administrative office in Cabell County, West Virginia. Plaintiff and Defendant are located in Cabell County, West Virginia. All actions and in actions alleged herein occurred in Cabell County, West Virginia.

5.   Jurisdiction and venue are appropriate in this Court.

1

## GENERAL ALLEGATIONS

6.      Plaintiff(s) hereby adopt(s) verbatim as if set forth herein each of the allegations and averments set forth in all above paragraphs and/or headings.

7.      Plaintiff was employed by Defendant (or its predecessors) as a Registered Nurse ("RN" hereinafter) from October, 2017, until November 28, 2018.

8.      Plaintiff was wrongfully accused of a HIPPA Violation by Plaintiff's Charge Nurse for reviewing of charts, which was part of her job duties.

9.      Plaintiff was fired for the alleged violation despite the fact there were no warnings, no disciplinary or any other administration action.

10.     Defendant and Teresa Sexton retaliated against Plaintiff because Plaintiff filed multiple grievances concerning patient safety, hostile work environment(s) and improper actions in management

11.     Defendant retaliated again Plaintiff for concerns over patient safety and for her grievances filed.

12.     Plaintiff's termination was in violation of the Patient Safety Act, and public policy. Her termination and treatment were based in whole or in part on reporting of violations, filing grievances or care of patients.

13.     After Plaintiff did file formal complaints, Sexton and Defendant retaliated against Plaintiff by failing to follow procedures and terminated her without any warning, write ups, suspension, etc.

## VIOLATION OF PATIENT SAFETY ACT – COUNT 2

14.    Plaintiff herein restates all preceding paragraphs for the purpose of pleading grounds in support.

15.    § 16-39-4. Prohibition against discrimination or retaliation

(a) No person may retaliate or discriminate in any manner against any health care worker because the worker, or any person acting on behalf of the worker:

(1) Makes a good faith report, or is about to report, verbally or in writing, to the health care entity or appropriate authority an instance of wrongdoing or waste. Plaintiff here, did make a good faith report, verbally or in writing, to the entity or authority to correct the wrongdoing.

(2) Advocated on behalf of a patient or patients with respect to the care, services or conditions of a health care entity.  Here, Plaintiff did advocate on behalf of at least two patients with respect to the lack of care they were receiving – leading one to pass away.

(b) A health care worker with respect to the conduct described is acting in good faith if the health care worker reasonably believes:

(1) That the information is true; and

(2) Constitutes waste or wrongdoing as defined in section three of this article.

W. Va. Code Ann. § 16-39-4 (West).

Plaintiff both had a good faith reason to feel the above information is true and that it constituted wrongdoing.

3

16.    W.Va. Code § 16-39-4(a). According to the West Virginia Supreme Court of
Appeals, "[t]he legislative purpose of the [WVPSA] is to protect patients by
providing protections for those health care workers with whom the patient has
the most direct contact." *Camden-Clark Mem'l Hosp. Corp. v. Tuan Nguyen*, 807
S.E.2d 747, 752 (W. Va. 2017) (internal citations omitted); see also, *McCauley
v. Amedisys Holding, L.L.C.*, No. 1:13CV9, 2014 WL 838261, at 2 (N.D.W. Va.
Mar. 4, 2014).

17.    To establish a prima facie case of retaliation under the WVPSA, the Plaintiff
must show that she was a healthcare worker who was discriminated or retaliated
against for making a good-faith report of wrongdoing or for advocating for
patient safety. W.Va. Code § 16-39-4(a). Here Plaintiff was certainly a healthcare
worker and had been in the position over a year before complaints of wrongdoing
including filing grievances, complaints about hostile work environment(s) and
complaints of management's actions about substantial care being given to
patients and understaffing.

18.    Here, the Plaintiff has provided sufficient evidence to establish a prima facie case
of retaliation. It is undisputed that she was a healthcare worker who made good-
faith reports regarding patient safety issues while under the Defendant's employ
and was eventually terminated.

## VIOLATION OF PUBLIC POLICY – COUNT 3

19.    Plaintiff restates herein all of the prior paragraphs.

4

20.    The Plaintiff may plead discharge in violation of West Virginia public policy in the alternative to her claims for discrimination and retaliation under various state statutes, holdings, polices, etc.

21.    Pursuant to West Virginia law, the rule giving the employer the absolute right to discharge an at will employee must be tempered by the further principle that where the employer's motivation for the discharge contravenes some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by the discharge. *Harless v. First Nat'l Bank in Fairmont*, 246 S.E.2d 270, 275 (W. Va. 1978). Accordingly, "a cause of action for wrongful discharge exists when an aggrieved employee can demonstrate that his/her employer acted contrary to substantial public policy in effectuating the termination." *Swears v. R.M. Roach & Sons, Inc.*, 696 S.E.2d 1, 6 (W. Va. 2010) (quoting *Feliciano v. 7-Eleven, Inc.*, 559 S.E.2d 713, 718 (W. Va. 2001) ). This claim is commonly known as a Harless claim.

22.    Defendant had a policy that Plaintiff must complete separate reports to her superior and then a summary report to the CEO wherein a lot, if not all, of the violations, or policies issues would be excluded.  This was done to keep potential issues from the CEO's knowledge – such as the failure to provide care that led to the death.  *Supra*.  Plaintiff eventually discovered that the CEO wasn't getting the more detailed reports and communicated the same to the CEO's staff.  Shortly after she communicated to the CEO's staff that the CEO wasn't getting the "whole picture" she was fired.

23. The termination was in violation of a standing policy at the Defendant's hospital to ensure proper communication of patient need to the CEO. This is a substantial public policy.

24. Plaintiff was terminated in whole or in part for bring light upon the "two report system" in which the CEO wasn't aware existed.

## DAMAGES

25. Plaintiff adopts verbatim as if set forth herein each of the allegations and averments set forth in Paragraphs 1 through 32 of Plaintiff's Complaint.

26. As a direct and proximate result of Defendant's actions, Plaintiff is entitled to damages for 1) indignity, 2) embarrassment, 3) humiliation and 4) emotional distress in an amount to be determined by the jury.

27. Defendant's actions were willful, wanton and malicious and violated the WVHRA entitling Plaintiff to 5) attorneys' fees and 6) cost pursuant to W. Va. Code § 5-11-13 and/or 7) the decisions of the Supreme Court of Appeals of West Virginia. Defendant is strictly liable for Plaintiffs' damages. *Hanlon v. Chambers,* 195 W.Va. 99, 464 S.E.2d 741 (1985). Defendants actions were in violation of the WVHRA and as such Plaintiff is entitled to 8) "back pay or any other legal or equitable relief" and the trial court, 9) "in its discretion, may award all or a portion of the costs of the litigation, including reasonable attorney fees and witness fees, to the complainant." W.Va. Code § 5-11-13. The Supreme Court of Appeals has interpreted "other legal or equitable relief" to include typical tort damages, including 10) emotional distress, 11) front pay, and 12)

6

punitive damages. See *Dobson v. Eastern Associated Coal Corp.*, 422 S.E.2d 494 (W. Va. 1992) (holding that recovery of typical tort damages is permitted by the statutory language and that, specifically, front pay is available); *Akers v. Cabell Huntington Hosp., Inc.*, 599 S.E.2d 769, 777 (W. Va. 2004) (holding that emotional distress damages are available under the Act); Syllabus point 4, *Haynes v. Rhone-Poulenc, Inc.*, 521 S.E.2d 331 (W. Va. 1999) (holding that punitive damages are available under the Act).

28.     Defendant's actions were willful, wanton and/or grossly negligent, and, as such, Plaintiffs are entitled to punitive damages. Intend is assumed when a jury finds a WVHRA violation.  Thus, punitive damages are permitted and instructed.

29.     Plaintiff is also entitled for those aforesaid 13) damages under *Harless*, *supra*. As the same pertain to the public policy violations.

30.     Plaintiff is also entitled to 14-15) pre/post-judgment interest, 16) costs, and 17) fees.

31.     And all other damages which are 18) just and foreseeable herein and/or allowed by 19) common law or 20) statute, or 21) deemed proper by this Honorable Court including but not limited to 22) pain/suffering, 23) medical expenses, 24) loss of enjoyment of life, 25) damages for indignity, 26) embarrassment, 27) humiliation, 28) annoyance, and 29) inconvenience.

7

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all issues set forth in complaint.

**ANGELA S. CHAFFINS,**
By Counsel:

D. Adrian Hoosier, II, Esquire
West Virginia State Bar Identification Number:  10013
Hoosier Law Firm, PLLC
213 Hale Street, Suite 100
Charleston, West Virginia  25301
T: 681-265-5000
F: 681-265-5001
adrian@hlfwv.com
debra@hlfwv.com

8